# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **STEPHEN BLANTON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00112 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, DIRECTOR** | ) | By: James P. Jones |
| **OF DEPARTMENT OF** | ) | United States District Judge |
| **CORRECTIONS,** | ) | |
| | ) | |
| Respondent. | ) | |

*Stephen Blanton, Pro Se Petitioner; Craig W. Stallard, Assistant Attorney General, Richmond, Virginia, for the Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner Stephen Blanton, a Virginia inmate, challenges the validity of his confinement on a judgment from state court. After review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because Blanton's petition is partially procedurally barred and ultimately without merit.

I.

In 2007 Blanton was convicted in the Circuit Court of Culpeper County of the carnal knowledge, without force, of a child over the age of thirteen but under the age of fifteen and sentenced to ten years imprisonment with eight years suspended. On October 29, 2014, the same court revoked Blanton's suspended

sentence after Blanton was convicted of possession of drugs in another state court. The court revoked eight years of the suspended sentence and re-suspended six years. Blanton did not appeal the revocation. On September 29, 2015, Blanton filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The court denied the petition on January 30, 2017.

On March 8, 2017, Blanton filed the current petition in this court, alleging the same three claims as in his state habeas proceeding, as follows:

1. The statute under which Blanton was originally convicted, Va. Code Ann. § 18.2-63(A), violates the United States Constitution and therefore the original judgment was void and the trial court lacked subject matter jurisdiction to revoke the suspended sentence;

2. Blanton's counsel was ineffective for failing to raise the issue of the court's jurisdiction to enter the revocation order under the Sixth Amendment; and

3. Counsel was also ineffective for failing to raise the issue of the court's jurisdiction to enter the revocation order under the Fourteenth Amendment.

The respondent moves to dismiss Blanton's petition as procedurally barred and without merit.

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

or

(2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged *Strickland v. Washington* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient

performance prejudiced the defense." 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," *Id.* at 689, and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014). When reviewing a *Strickland* claim under the AEDPA, the court's review is doubly deferential. *See Harrington*, 562 U.S. at 105.

For *Strickland's* first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690).

For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Lastly, an attorney's "[f]ailure to raise a meritless argument can never amount to ineffective assistance" because the result of the proceeding would not

performance prejudiced the defense." 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," *Id.* at 689, and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014). When reviewing a *Strickland* claim under the AEDPA, the court's review is doubly deferential. *See Harrington*, 562 U.S. at 105.

For *Strickland's* first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690).

For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Lastly, an attorney's "[f]ailure to raise a meritless argument can never amount to ineffective assistance" because the result of the proceeding would not

have been different had the attorney raised the issue. *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996).

II.

The Supreme Court of Virginia denied Claim 1 as procedurally barred because Blanton could have raised the claim at trial or on direct appeal, but failed to do so, relying on *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). *Slayton* is an adequate and independent state law procedural ground that precludes federal habeas review from considering the merits of "'non-jurisdictional issue[s] [that] could have been raised during the direct appeal process.'" *Prieto v. Zook*, 791 F.3d 465, 468-69 (4th Cir. 2015) (quoting *Prieto v. Warden*, 748 S.E.2d 94, 105 (Va. 2013)).

Blanton argues that his claim is not procedurally barred because (1) his claim is jurisdictional, and (2) the procedural default is "not independent of the federal question presented." Pet'r's Resp. 3, ECF No. 17. However, Blanton has not proffered any support that the underlying judgment is void, or that his claim is otherwise jurisdictional. *Compare Herrington v. Clarke*, 2017 WL 3531418, at *2 (4th Cir. Aug. 17, 2017) (holding that a criminal defendant's claim that he did not properly waive his Sixth Amendment right to an attorney is a jurisdictional bar to a valid conviction and cannot be barred by *Slayton*) *with Lenz v. True*, 370 F. Supp. 2d 446, 493 (W.D. Va. 2005) (holding that a petitioner's claim that the death

penalty statute is unconstitutional can be barred by *Slayton*). Moreover, Blanton fails to demonstrate that the court's application of *Slayton* was not independent of the federal question because the statute does not violate state or federal law. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

"If a claim is procedurally defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that there were "objective factor[s]," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. "[T]he 'cause and prejudice' test is framed in the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985). Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to demonstrate a colorable claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).

Blanton has not shown that he was unable to comply with the state procedural rule or has a colorable claim of actual innocence. Claim 1 is procedurally barred under *Slayton*.

III.

Regardless of any procedural default, Claim 1 is also without merit.

A void judgment is always subject to collateral attack, and is "one that is rendered by a court lacking jurisdiction over the defendant or over the subject matter, or in violation of a procedural requirement so substantial that it is deemed by the rendering state to be void, i.e., to be 'jurisdictional.'" *Yale v. Nat'l Indem. Co.*, 602 F.2d 642, 644 (4th Cir. 1979).

On habeas review, the Supreme Court of Virginia dismissed Blanton's contention that his conviction was void. "Petitioner does not allege any court has found the statute under which he was convicted, [Va.] Code § 18.2-63, unconstitutional. Thus, petitioner has failed to establish his conviction is void and thus he is barred from raising his constitutional claims for the first time on collateral review." *Blanton v. Clarke*, No. 151485, slip op. at 1-2 (Va. Jan. 30, 2017), ECF No. 14.

I agree. At the threshold, Virginia has never directly addressed the constitutionality of section 18.2-63(A). However, the Supreme Court of the United States has held that an adult does not have a fundamental right to have a

consensual sexual relationship with a minor, and, contrary to Blanton's repeated assertions, statutes barring such conduct have never been subject to a strict scrutiny analysis. *See, e.g.*, *Lawrence v. Texas*, 539 U.S. 558, 578 (2003) ("The present case does not involve minors."); *Id.* at 586 (Scalia, J. dissenting) (noting that the majority did not apply strict scrutiny for the right to engage in adult consensual sodomy); *MacDonald v. Moose*, 710 F.3d 154, 164 (4th Cir. 2013) (holding that a blanket sodomy ban is unconstitutional, but "a state could, consistently with the Constitution, criminalize sodomy between an adult and a minor"); *Toghill v. Commonwealth*, 768 S.E.2d 674, 679 (Va. 2015) ("*Lawrence* simply does not afford adults with the constitutional right to engage in sodomy with minors.").

Therefore, the state court's adjudication was not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of the facts. Blanton's contention that section 18.2-63(A) is unconstitutional is without merit.

Lastly, Claims 2 and 3 assert that counsel was ineffective at the revocation hearing for failing to raise the jurisdictional argument of Claim 1. On habeas review, the Supreme Court of Virginia held:

> Assuming without deciding that petitioner has demonstrated he had a right to counsel at his probation revocation hearing, the Court holds that claims (2) and (3) satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). . . . [P]etitioner was barred from raising his constitutional claims for the first time in his

revocation proceeding. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Blanton*, *supra,* ECF No. 14 (citations omitted). I agree with the state court's ruling.

Any motion that counsel could have brought to dispute the court's subject matter jurisdiction would have been frivolous because Virginia does not allow any attack on the underlying conviction in revocation proceedings. Va. Code Ann. § 19.2-306 (providing that in a revocation hearing, the court decides whether a defendant's separate activities violated the requirements of his previously suspended sentence and cannot allow relitigation of the defendant's original criminal trial.).

The state court's decision was not contrary to, or an unreasonable interpretation of, *Strickland*, or an unreasonable determination of facts.

IV.

For the stated reasons, Blanton's habeas claims are procedurally barred and otherwise without merit. Therefore, I will grant the Motion to Dismiss and deny Blanton's habeas petition.

A separate Final Order will be entered herewith.

DATED: November 14, 2017

/s/ James P. Jones
United States District Judge